ISRAEL v. ISRAEL (two cases).

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1 DIVORCE—PLEADING—LEAVE TO AMEND—LACHES.
    In an action for divorce on the ground of adultery with K., defendant denied the adultery, and asked for a separation on the ground of cruelty. Plaintiff's reply denied the cruelty, and realleged adultery with K. as justification. The issue of adultery having been tried by a jury and found for defendant, and the case being moved for trial as to the other issues, plaintiff moved for leave to amend his reply by further alleging adultery with W., full information as to the alleged adultery having been in plaintiff's possession for over a year, and since about the time when

his other pleadings were drawn. *Held*, that the motion to amend was properly denied for laches.

**2. SAME—CRUELTY—JUSTIFICATION — COMMISSION TO TAKE TESTIMONY— WHEN PROPER.**

In an action for divorce, where the wife filed a cross bill for a separation on the ground of cruelty in repeatedly charging her with adultery with sundry persons, a motion by the husband for a commission to take testimony as to acts of adultery of the wife with others than the co-respondent was improperly denied, since such evidence would probably be admissible as showing justification of the husband's charges.

Appeal from special term, New York county.

Action by Abraham Israel against Tillie B. Israel for divorce, and action by Tillie B. Israel against Abraham Israel for separation. From orders refusing to allow Abraham Israel to amend his reply in the action for divorce and his answer in the other action, and from an order denying a motion for a commission to take testimony, Abraham Israel appeals. Orders denying leave to amend affirmed, and order denying a commission reversed.

For former opinions, see 59 N. Y. Supp. 800, and 61 N. Y. Supp. 1139.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Boudinet Keith, for appellant.

Moses Weiman, for respondent.

HATCH, J. The first action is brought to recover a judgment of divorce absolute upon the ground of adultery. The averments of the complaint in that action charge the defendant with the commission of such offense with one Kaufmann, and contain no charge of infidelity with any other person. The defendant's answer denied the allegations of adultery, and for an affirmative cause of action sets up cruel and inhuman treatment on the part of the plaintiff therein, demanding as relief a judgment of separation. In the reply which the plaintiff served to this answer he denied the charges of cruel physical treatment, and averred the adulterous intercourse by the defendant with Kaufmann as justification of such charge. No mention or claim is made in any of the pleadings of defendant's misconduct with any other person. It appears that at or about the time when the husband commenced his action he was possessed of information tending to establish adulterous intercourse upon the part of defendant with one Wilczek, but he did not attempt to incorporate this charge in his complaint or in his reply, and, with full knowledge, chose to rely upon the charge which he had selected and averred in his pleadings. Issue having been joined by these pleadings, the issues of adultery were settled and tried before a jury, the other issues involved being retained for trial at special term. The jury, after a trial, rendered a verdict in favor of the defendant upon the issue of adultery, and thereafter the case was moved for trial and disposition of the remaining issues at special term; and it was not till this time—over a year after the action was commenced, and after the plaintiff had full information respecting the improper conduct with Wilczek—that he made the motion to amend his reply by incorpo-

rating therein the claimed offense with Wilczek. It is clear, therefore, that the plaintiff was guilty of laches in making his motion, and this is aggravated by the fact that during the whole period he was possessed of information which he might have procured to be incorporated in his complaint and in his reply. He must, therefore, be treated as having elected to stand upon the issues which, with full knowledge, he made and deliberately accepted, and his motion to amend for this reason was properly denied.

The pleadings in the second action, brought by the wife, are precisely like the counterclaim and reply in the first action, and this action was brought close upon the heels of the first action. The same reasons avail to defeat the motion to amend the answer in this action as to amend the reply in the first action.

The motion for the issuance of a commission to take the testimony of witnesses in Philadelphia as to defendant's misconduct with Wilczek is not, however, necessarily dependent upon the denial of the motions to amend the pleadings. The averment of the complaint in the second action, brought by the wife, is that the defendant has systematically and repeatedly made charges of adultery and infidelity against the defendant to a number of other persons, friends as well as strangers; and upon this charge is based the claim of cruel and inhuman treatment. There can be little doubt but that the charge of infidelity in the marital relation, made by the husband against the wife either to herself or others, constitutes cruel and inhuman treatment, in the absence of a justifiable belief upon the part of the husband that such charges are true. It is possible that some ground of justification may exist for making such a charge by the husband against the wife if it be the fact that the husband possessed information which induced a belief of the wife's infidelity with another person other than the one he specifically named in making the charge. It is not necessary that we now determine whether the evidence sought to be elicited through the medium of a commission is admissible under the issues as framed by the pleadings in these actions. Upon this appeal the case as it may appear upon the trial is not before us, and we are unable, therefore, to say whether such evidence be admissible or not. It is reasonably certain, however, that it may be, and for that reason we think the motion for the issuance of a commission to take this testimony should have been granted. If it should appear upon the trial that such testimony was fairly within the case appearing upon the trial, the defendant ought not to be deprived of it, which he would or might be if the commission were not issued and the testimony taken.

We conclude, therefore, that the denial of the motions to amend in each case should be affirmed, with $10 costs and disbursements, and the order denying the motion to issue a commission should be reversed, and the motion granted, without costs to either party. All concur.

INGRAHAM, J. I concur. I think it plain that the evidence sought to be taken under this commission was competent upon the question as to the custody of the children of the marriage. The re-

spondent claims that the custody of the children should be awarded to her, and in determining that question it is most material that the court should be informed as to her character.